# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: STANFORD ENTITIES**
**SECURITIES LITIGATION**
    Ralph S. Janvey, et al. v. Proskauer Rose LLP, et al.  )
        N.D. Texas, C.A. No. 3:12-cv-00644           )    MDL No. 2099
    (D. District of Columbia, C.A. No. 1:12-vc-00155)  )

## REMAND ORDER

**Before the Panel**:[*] Pursuant to Panel Rule 7.1, defendants Proskauer Rose LLP, Chadbourne & Parke LLP, and Thomas V. Sjoblom move to vacate our order conditionally remanding this action to the District of the District of Columbia, its transferor court. Plaintiffs Ralph S. Janvey, as the court-appointed receiver for the Stanford Receivership Estate ("the Receiver"), and the Official Stanford Investors Committee oppose the motion and support remand. This action involves claims against defendants for allegedly aiding and abetting a Ponzi scheme controlled by R. Allen Stanford and his financial entities and allegedly obstructing the federal investigation into Stanford's activities.

Defendants acknowledge the Panel's authority to transfer and remand an action to its transferor court under Section 1407 while a jurisdictional objection is pending, but contend that the Panel lacks authority to act here because plaintiffs have effectively conceded the lack of jurisdiction. This presents an issue which the Panel has not previously had occasion to address.

I.

The circumstances leading us to this procedural juncture are as follows. Plaintiffs filed this action in the District of the District of Columbia on January 27, 2012. Defendants Proskauer Rose and Chadbourne & Parke filed a Notice of Potential Tag-Along Action on February 16, 2012, seeking transfer of the action to MDL No. 2099 in the Northern District of Texas, and the action was transferred there two weeks later without objection. In August 2012, plaintiffs filed an amended complaint, which alleged the same claims against the same defendants, but expanded the jurisdictional and factual allegations. In particular, plaintiffs alleged that, in addition to diversity jurisdiction, the court had jurisdiction based on the receivership statute, 28 U.S.C. § 754, which allegedly provides jurisdiction over any claims brought by the Receiver to execute the Receivership duties. Defendants Proskauer Rose and Chadbourne & Parke then filed motions to dismiss for lack of subject matter jurisdiction, arguing lack of diversity jurisdiction based on the domicile of "stateless" partners abroad and lack of ancillary jurisdiction under the receivership statute. In response, plaintiffs moved for a recommendation of remand of the action to the District of the District of Columbia, without

---

[*] Judges Marjorie O. Rendell and Lewis A. Kaplan took no part in the decision of this matter.

addressing the diversity and ancillary jurisdiction issues raised by defendants. Plaintiffs argued that "any jurisdictional defects, if they exist, can easily be cured under 28 U.S.C § 1631" by the District of Columbia court[1] – referring to that court's Section 1631 authority to transfer the action in the "interest of justice" to a court with jurisdiction.[2]

Defendants opposed plaintiffs' motion, arguing that plaintiffs "do not contest, and therefore concede" the transferee court's lack of subject matter jurisdiction.[3] Defendants also argued that a recommendation of remand should not issue because the Panel lacks the power to remand the action in the absence of federal jurisdiction, and, in any event, the District of Columbia court was unlikely to order transfer under Section 1631 because the "interest of justice" standard was not met.

On August 21, 2013, the transferee court issued an order denying defendants' motions to dismiss and recommending that the Panel remand the case back to the District of the District of Columbia to determine plaintiffs' Section 1631 transfer request. *See Janvey v. Proskauer Rose LLP*, Order at 3-7 (N.D. Tex. Aug. 21, 2013). The transferee court did not resolve the issue of subject matter jurisdiction, though describing plaintiffs as "conceding the lack of jurisdiction in the District of Columbia court." *See id.* at 3. On September 20, 2013, pursuant to Panel Rule 10.2, the Panel Clerk issued a conditional remand order, which is the subject of defendants' motion to vacate.

II.

Before the Panel, defendants' sole argument against remand is that federal subject matter jurisdiction is lacking and thus the Panel lacks the authority to remand the action to the transferor court under Section 1407. It is well-settled, however, that the "Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee

---

[1] *See* Pls.' Mot. for Recommendation of Remand at 4 (N.D. Tex. Dec. 12, 2012).

[2] Section 1631 states: "Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal [is filed] . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Plaintiffs contend that a Section 1631 transfer will cure the potential jurisdictional deficiencies because upon such transfer to the Northern District of Texas, the action may proceed as if originally filed there, and thus fall squarely within that district's ancillary jurisdiction under 28 U.S.C. § 754. *See* Pls.' Mot. for Recommendation of Remand at 12 (citing *Janvey v. Alguire*, 846 F. Supp. 2d 662, 668 (N.D. Tex. 2011) ("[A]s the Receivership Court, [the Northern District of Texas] properly exercises subject matter jurisdiction over this ancillary asset recovery action . . . .").

[3] *See* Def. Proskauer Rose LLP Reply at 1 (N.D. Tex. Jan. 11, 2013).

court." *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (citation omitted); *accord Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case."); *In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) ("We have long held that jurisdictional objections are not an impediment to transfer.").[4] By the same principle, the Panel has authority to remand an action in which a jurisdictional objection is pending.

The pendency of an unresolved jurisdictional objection in this action is undeniable. The transferee court's August 21, 2013, Order "denies Defendants' motions to dismiss," leaving the jurisdictional issues for the District of the District of Columbia as part of the Section 1631 determination. Though defendants assert that plaintiffs have already conceded the absence of jurisdiction, the fact remains that a court has yet to rule on jurisdiction. Thus, the issue is yet to be decided, and only the transferor court has the power to determine whether a Section 1631 transfer is appropriate if jurisdiction is lacking. "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case." *See In re Ivy*, 901 F.2d at 9. Thus, like any other action with a pending jurisdictional objection, the action is subject to the Panel's authority under Section 1407 to remand to the transferor court for further proceedings.

III.

The sole remaining issue, then, is whether remand is warranted on this record. After considering all argument of counsel, the Panel finds that remand of this action is appropriate. The transferee court considered the purposes of Section 1407 in determining that a suggestion of remand was necessary to provide plaintiffs "the opportunity to present to the District of Columbia court evidence and argument that a transfer to this Court would be in the interest of justice." *See* Order at 5-6. The transferee court considered and rejected defendants' argument that remand would be inefficient, finding, *inter alia*, that defendants' "actions and inactions were the root cause of the delay," and that remand would advance "the just and efficient conduct" of the action by allowing consideration of plaintiffs' Section 1631 request by the appropriate court. *See id.* at 6-7.

---

[4] The Sixth Circuit decision in *BancOhio v. Fox* is not to the contrary. *See* 516 F.2d 29 (6th Cir. 1975). Although, as defendants note, *dicta* in *BancOhio* states that "a transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case," the Sixth Circuit has declined to read *BancOhio* as preventing transfer when a jurisdictional objection is pending. *See In re McConnell*, No. 11-4265, slip op. at 2 (6th Cir. Apr. 26, 2012) (denying mandamus petition objecting to Panel transfer while a jurisdictional motion was pending; "The writ in *BancOhio* was addressed to the transferor judge, not the MDL Panel. . . , and was issued *after* the transferor judge had ruled on the merits of the petitioners' motion to dismiss for lack of jurisdiction. The court was not asked, and did not consider, whether the MDL Panel is authorized to transfer a case *before* the transferor court has ruled on a pending jurisdictional issue.") (emphasis in original).

In considering the question of remand, the Panel consistently gives great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re Light Cigarettes Mktg. and Sales Practices Litig.*, 856 F. Supp. 2d 1330, 1331 (J.P.M.L. 2012). The Panel has repeatedly emphasized that "[w]hether Section 1407 remand is appropriate for an action in any particular multidistrict docket is based upon the totality of circumstances involved in that docket." *See, e.g., In re Columbia/HCA Healthcare Corp. Qui Tam Litig. (No. II)*, 560 F. Supp. 2d 1349, 1350 (J.P.M.L. 2008); *In re Brand-Name Prescription Drugs Antitrust Litig.*, 170 F. Supp. 2d 1350, 1352 (J.P.M.L. 2001). Here, the transferee court considered the totality of circumstances, including all of the arguments now presented, and came to a reasoned determination that remand at this stage of litigation is warranted. For all these reasons, we conclude that the suggestion of remand is well-taken.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is remanded to the District of the District of Columbia.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro     Charles R. Breyer
Sarah S. Vance     Ellen Segal Huvelle