**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


**IN RE: STANFORD ENTITIES SECURITIES**
**LITIGATION**                                                    MDL No. 2099


(SEE ATTACHED SCHEDULE)


**CONDITIONAL TRANSFER ORDER (CTO –13)**


On October 6, 2009, the Panel transferred 4 civil action(s) to the United States District Court for the Northern District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 655 F.Supp.2d 1360 (J.P.M.L. 2009). Since that time, 31 additional action(s) have been transferred to the Northern District of Texas. With the consent of that court, all such actions have been assigned to the Honorable David C Godbey.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Texas and assigned to Judge Godbey.

Pursuant to Rule 7.1 of the <u>Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation</u>, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Northern District of Texas for the reasons stated in the order of October 6, 2009, and, with the consent of that court, assigned to the Honorable David C Godbey.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Texas. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.


FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: STANFORD ENTITIES SECURITIES
LITIGATION**                                                          MDL No. 2099

### SCHEDULE CTO–13 – TAG–ALONG ACTIONS

| DIST | DIV. | C.A.NO. | CASE CAPTION |
|------|------|---------|--------------|
| **NEW JERSEY** | | | |
| NJ | 2 | 15–07820 | SANFORD v. PERSHING, LLC |